IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| MONIQUE HANCOX, on behalf of herself and all others similarly situated,<br><br>        Plaintiff,<br><br>                v.<br><br>ULTA SALON, COSMETICS, & FRAGRANCE, INC., a Delaware Corporation, and DOES 1-100, inclusive,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.  1:17-cv-1821 |

JURY TRIAL DEMANDED

## CLASS ACTION COMPLAINT

NOW COMES Plaintiff MONIQUE HANCOX (hereinafter "Plaintiff"), on behalf of herself and all others similarly situated employees, complain and allege as follows:

### I.

### Introduction

1.  This lawsuit is a collective action under the Fair Labor Standards Act ("FLSA"), U.S.C. § 201 *et seq.*, brought on behalf of Plaintiff MONIQUE HANCOX and the class she seeks to represent (hereinafter "Collective

Action Members"), against Defendant ULTA SALON, COSMETICS, & FRAGRANCE, INC. (hereinafter "Defendant"), seeking unpaid wages, including minimum wages and overtime compensation and interest thereon, liquidated damages and other penalties, injunctive and other equitable relief and reasonable attorneys' fees and cost, pursuant to Rule 23 of the Federal Rules of Civil Procedure.

2. This lawsuit invokes the supplemental jurisdiction of this Court to hear class and representative actions under California Business Code sections 17200 *et seq.* and California Labor Code section 2699, seeking unpaid overtime wages, unpaid wages for meal and rest periods not provided, waiting time penalties for overtime and meal and rest period wages not timely paid upon separation from employment, damages or penalties for failure to provide itemized wage and hour statements, restitution of unpaid overtime and meal and rest period wages, penalties for Labor Code violations, interest, equitable relief, and reasonable attorney's fees and costs, under California Labor Code sections 201, 202, 203, 204, 218.5, 218.6, 226, 226.7, 405, 510, 512, 1174, 1175, 1194, 2699, California Business & Professions Code sections 17200 *et seq.*, the applicable California Industrial Welfare Commission ("IWC") Wage Orders, California Civil Code sections 3287-3289, and California Code of Civil Procedure

section 1021.5.

3. This complaint challenges systematic, nationwide, willful and illegal employment practices resulting in violations of the FLSA, California Labor Code, California Business and Professions Code and applicable IWC Wage Orders.

4. Plaintiff alleges that Defendant has a nationwide policy and practice of requiring all non-exempt hourly employees who work for Defendant in the positions of ULTA Salon Professionals such as Designers, Estheticians, and other similar positions, to participate in the ULTA Salon Commission Plan (the "Plan"), which entitles participants to nondiscretionary bonuses when certain sales and services goals are met. Yet, Defendant failed to include any nondiscretionary bonuses earned when determining the regular rate, for purposes of overtime, as required under federal law. Specifically, Plaintiff and Collective Action Members complain that they were denied all remuneration during the relevant time period.

5. Additionally, Plaintiff and Collective Action Members allege that Defendant had a policy and practice of requiring all employees to forego all legally required rest breaks and meal breaks. Defendant schedules Plaintiff and class/collective action members in such a way to discourage, impede and prevent them from taking mandated meal and rest breaks. Clients are

scheduled primarily by other employees and are scheduled in a manner that leaves inadequate time between clients to take meal and rest breaks. However, the nature of Defendant's business did not require Plaintiff and others similarly situated to forego rest breaks or meal breaks. Defendant did not schedule staff in a manner that allowed for reasonable shift relief in order for Plaintiff and all others similarly situated to take a rest break or meal break.

6. Plaintiff seeks recovery of damages for Defendant's failure to pay overtime wages pursuant to 29 U.S.C. § 207. Plaintiff alleges that Defendant subjected and continues to subject its non-exempt hourly employees who work for Defendant in the positions of ULTA Salon Professionals, such as Designers, Estheticians, and other similar positions, to its uniform policy and practice of failing to pay overtime at a rate of one and one-half times their regular rate for hours worked in excess of forty (40) hours during a workweek.

7. At all relevant times herein, Defendant has consistently maintained and enforced against Plaintiff and Collective Action Members the following unlawful practices and policies: a) willfully refusing to pay Plaintiff and Collective Action Members for all hours worked, including minimum wage, regular and overtime; and b) willfully refusing to furnish to Plaintiff and

Collective Action Members accurate itemized wage statements upon payment of wages, c) willfully refusing to provide Plaintiff and Collective Action Members with legally mandated rest breaks; and d) willfully refusing to provide Plaintiff and Collective Action Members with an uninterrupted 30-minute meal period before the end of the fifth (5th) hour, or in lieu of legally compliant meal period, a meal period premium equal to 1-hour's pay at the employee's regular rate.

8. Defendant has acted intentionally and with deliberate indifference and conscious disregard to the rights of all employees such as Plaintiff by (1) failing to pay all wages and benefits owed to her and (2) failing to keep proper records in violation of the FLSA and California Labor Code.

9. Defendant has engaged in, among other things a system of willful violations of the FLSA, California Labor Code, California Business and Professions Code, applicable California IWC wage orders, and by creating and maintaining uniform policies, practices and customs that knowingly deny employees the above stated rights and benefits.

10. The policies, practices and customs of Defendant described above and below have resulted in unjust enrichment for the benefit of Defendant and an unfair business advantage over businesses that routinely adhere to the strictures of the FLSA, California Labor

Code, and California Business and Professions Code.

## II.

### JURISDICTION AND VENUE

11. This Court has federal question jurisdiction over this case pursuant to 29 U. S.C. Section 216(b) and 28 U.S.C. Section 1331 because this action arises under the laws of the United States, including the FLSA, 29 U.S.C. §§ 206 and 207, et seq. This Court also has original jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because this is a class action in which: (1) there are 100 or more members in the named Plaintiff's proposed class; (2) at least some members of the proposed class have a different citizenship from Defendant; and (3) the claims of the proposed class members exceed five million dollars ($5,000,000.00) in the aggregate. In addition, because the claims stated herein arise from the same or substantially similar facts and circumstances and derive from a common nucleus of operative facts, this Court has supplemental and/or pendent jurisdiction to hear all claims presented in this action, including claims arising under state law, pursuant to 28 U.S.C. §1367.

12. The Northern District of Illinois - Eastern Division has personal jurisdiction over this matter because Defendant is doing business and conducting transactions in this district. Defendant has its headquarters and corporate offices located within this

district at 1000 Remington Boulevard, Suite 120, Bolingbrook, Illinois 60440. Accordingly, a part of the events or omissions which give rise to the claims occurred in Will County, and within the Division and Courthouse to which this action has been assigned.

13. Prior to filing this complaint, on April 12, 2016, Plaintiff gave written notice by certified mail to the Labor Workforce Development Agency ("LWDA") and to Defendant ULTA SALON, COSMETICS & FRAGRANCE, INC. of the specific provisions alleged to have been violated, including facts and theories to support the alleged violations as required by California Labor Code § 2699.3. Attached hereto as Exhibit "A" is a true and correct copy of the letter to the LWDA, dated April 12, 2016 and certified mail return receipts from Defendant and the LWDA.

14. The LWDA has not responded within 60 days of the date the letter was mailed to it. Therefore, Plaintiff has exhausted administrative remedies as required by California Labor Code Section 2699.3 and may proceed with claims under California's Private Attorneys General Act ("PAGA").

### III.

### THE PARTIES

### A.  The Plaintiff

15. Plaintiff is a natural person who is a resident of California.  Plaintiff hereby consents to sue for

violations of the FLSA, pursuant to 29 U.S.C. Section 216(b). Plaintiff began working for Defendant in August 2014, as a Designer/hair stylist at Defendant's Culver City Salon located at 6000 Sepulveda Blvd, Ste. 2200, Culver City, CA 90230, where she received training from Defendant. Plaintiff eventually transferred to Defendant's Marina Del Rey Salon located at 3455 Maxell Ave., Ste. 120, Marina Del Rey, CA 90292-5682.

16. Plaintiff and all others similarly situated are or were employed by Defendant. Each of the Collective Action Members consists of identifiable, current and/or former similarly situated persons who are or were employed in California by Defendant.

**B. The Defendant**

17. Defendant ULTA SALON, COSMETICS & FRAGRANCE, INC. is and/or was the employer of Plaintiff and Plaintiff Class. Defendant is based in the State of Illinois and authorized to do business in State of California. Plaintiff is informed and believes that Defendant is the largest beauty retailer in the United States providing cosmetics, fragrance, skin, hair care products and salon services. Defendant also operates many beauty salons throughout California.

18. Defendant employed Plaintiff and Collective Action Members within the State of California. Defendant also employed similarly situated persons in the State of Illinois.

19. Plaintiff is ignorant of the true names, capacities, relationships and extent of participation in the conduct herein alleged, of the Defendants sued herein as DOES 1 through 100, inclusive, but on information and belief allege that said Defendants are legally responsible for violations of the California Labor Code, including, but not limited to the payment of minimum wages, overtime compensation, rest and meal period compensation and/or California Labor Code § 203 penalties to the Collective Action Members by virtue of their unlawful practices, and therefore sue these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities of the DOE Defendants when ascertained.

20. Defendants acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant legally attributable to the other Defendant.

21. Plaintiff is informed and believes, and based thereon alleges, that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants. Furthermore, Defendants in all respects acted as the employer and/or joint employer of

Plaintiff and Plaintiff Class.

## IV.

### GENERAL ALLEGATIONS

22. Plaintiff re-alleges and incorporates by reference herein all allegations previously made in Paragraphs 1 through 21, above.

23. Defendant is, and at all times relevant to this Complaint was, an "employer" under the applicable federal and state laws and relevant Wage Orders of the IWC. Plaintiff was, at all times relevant to this Complaint, an "employee" of Defendant. The phrase "employee of Defendant" is defined under both federal and state law.

24. At all relevant times, Plaintiff's job responsibilities as a Designer/hair stylist included providing salon services to guests, as well as actively selling Defendant's products and services through company sponsored programs, promotions, referrals, and conversions. Defendant set monthly mandatory goals for salon employees, including Plaintiff. As an ULTA Salon Professional, Plaintiff strived to meet monthly target goals for each level of the "Career Path," which if successful, would provide her with opportunities to increase commission, service price, and the number of services she could offer to guests.

25. Plaintiff and Collective Action Members were never required to sign an "on-duty" meal period

agreement.

26. At all relevant times, Plaintiff was a non-exempt hourly employee who was also supposed to receive commission. Plaintiff's rate of pay at the beginning of her employment was nine dollars ($9.00) per hour, which was a minimum hourly guarantee. For each week, Plaintiff and Collective Action Members would earn either their hourly rate for all hours worked during the week or commission pay. If a salon associate, including Plaintiff, did not meet or exceed the sales goal for the current PTA level in a particular week, the commission percentage payment for that week would be decreased to the total services level for that week. Plaintiff and Collective Action Members' gross pay for each week was determined by calculating the weekly commission earned for the week and compare it to the minimum guaranteed earnings based on the hourly rate for the same week. The ULTA Salon Professional would be paid whichever was greater for each week. The total bi-weekly pay for the pay period would equal the sum of the two weeks. However, for weeks when Plaintiff and class/collective action members earned a commission and worked overtime, the commission was not included in the calculation of the regular rate of pay for purposes of determining the amount of overtime pay due resulting in unpaid overtime wages.

27. Plaintiff and other similarly situated non-

exempt hourly ULTA Salon Professionals were entitled to receive all compensation for their work, meal and rest breaks, and specified payroll records (including, but not limited to, records of hours worked, deductions from earned wages, applicable wage rates, etc.).

28. Plaintiff was never paid her proper wages for any work she performed for Defendant in excess of forty (40) hours in a single week, and or in excess of eight (8) hours in a single workday.

29. Throughout the course of Plaintiff's employment with Defendant, she would meet and exceed her commission target goals, yet was never paid any earned commissions. In addition, Plaintiff would be required to forego her rest periods and meal periods in order to provide services to guests and sell Defendant's beauty products and services, as a result of Defendant's failure to provide adequate shift relief.

      a. Throughout Plaintiff's employment with Defendant, she was not provided with 30-minute duty free meal breaks for each five (5) hour block of time that she worked for Defendant. Plaintiff was also denied ten-minute rest breaks for each four (4) hour block of time (or major portions thereof) that she worked.

30. Defendant knew that Plaintiff and Collective Action Members were working through their meal periods,

and were not being compensated for that time. Defendant had a uniform and corporate-wide policy that required employees to take their rest breaks, however, this policy was never enforced as Defendant failed to properly staff its employees to permit the taking of rest breaks and/or meal breaks.

31. As a result of not being given an uninterrupted 30-minute meal break when they worked more than six (6) hours, Plaintiff and Collective Action Members never received an additional one (1) hour of pay.

32. Plaintiff has been denied both regular and overtime wages, due to Defendant's uniform and company-wide policies of: (1) denying Plaintiff 30-minute uninterrupted meal periods, (2) legally complaint rest periods, (3) failing to pay earned commissions, and (4) failing to include all remuneration for purposes of calculating Plaintiffs regular rate to determine the proper overtime rate.

33. Plaintiff, as a part of her employment, was supposed to receive non-discretionary bonuses for meeting and exceeding certain target sales goals. Defendant had a uniform policy and corporate-wide criteria for ULTA Salon Professionals, including Designers, to sell Defendant's products and services to guests, including hair, skin and brow services.

34. Plaintiff was guaranteed her non-discretionary commissions if she achieved or exceeded the monthly

sales criteria in her Career Path level. This was Defendant's uniform and corporate wide policy to incentivize and encourage non-exempt hourly employees to sell more products and provide more services to guests.

35. Defendant has a uniform and corporate-wide policy of denying Plaintiff and Collective Action Members their non-discretionary commissions, despite meeting and/or exceeding their monthly sales goals. Plaintiff and Collective Action Members were not paid all of their earned commissions due under the agreement with Defendant.

36. At all relevant times, Defendant failed to have any policy that allowed for the "decommissioning" of bonuses (unlawful deduction of wages) when Plaintiff and Collective Action Members met all the criteria for the bonuses. Defendant illegally withheld earned wages from Plaintiff and Collective Action Members, when Defendant failed to include earned bonuses in the regular rate calculation for overtime wages.

**V.**

**CLASS ALLEGATIONS**

37. Plaintiff re-alleges and incorporates by reference herein all allegations previously made in Paragraphs 1 through 36, above.

38. Plaintiff brings the claims articulated herein on behalf of both herself and all persons similarly

situated with regard to relevant factors such as job duties and responsibilities; specified employment practices; and job title(s). Plaintiff brings claims on behalf of approximately one hundred-fifty (150) hourly non-exempt employees. Specifically, Plaintiff brings claims on behalf of seven (7) different subclasses, as articulated more fully below:

    **a)** All persons who work(ed) for Defendant within the relevant time period; who perform(ed) ULTA Salon Professional duties, including Designers, Salon Managers and Estheticians (including employees who regularly participated in the earned commission program described in the Complaint); and who were not paid all overtime and/or minimum wages due them (Nationwide Wage Remuneration Sub-Class);

    **b)** All persons who work(ed) for Defendant in California within the relevant time period; who perform(ed) ULTA Salon Professional duties, including designers, Salon Managers and Estheticians, and who were not paid all wages due them in the four years prior to the filing of this Complaint, up through the final disposition of this action (California Wage Remuneration Sub-Class);

**c)** All persons who work(ed) for Defendant in California; who were not provided with duty-free meal breaks of at least a half-hour after no more than five (5) consecutive hours worked, and/or who were not provided with ten (10) minute rest breaks for every four (4) hour block of time worked (or major portions thereof), and/or who were not provided with compliant wage statements in the four years prior to the filing of this Complaint, up through the final disposition of this action (California Meal and Rest Break Sub-Class)

**d)** All persons who ended their employment with Defendant, but were not paid the above due compensation for all hours worked, timely upon the termination of their employment as required by California Labor Code sections 201-203, and are entitled to penalties as provided by California Labor Code section 203 (California Former Employer Penalties Sub-Class).

39. Plaintiff reserves the right to amend or modify the Plaintiff Class descriptions with greater specificity or further division into subclasses or limitation to particular issues.

40. Plaintiff brings claims on behalf of the

Nationwide Sub-Classes (A)-(B) as an "opt-in" collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. Section 216. Plaintiff and the Nationwide Sub-Classes are similarly situated, have substantially similar job requirements and pay provisions, and are subject to Defendant's common practice, policy and/or plan of willfully and intentionally refusing to pay overtime in violation of the FLSA and for willfully and intentionally failing to include all remuneration for purposes of calculating employees' overtime rate, which included the non-discretionary sales commissions. The claims of Plaintiff under the FLSA are therefore similar to the claims of the prospective Nationwide Overtime Sub-Classes (A)-(B).

41. Plaintiff refers to the subclasses mentioned in paragraphs 38-39 collectively as Nationwide Subclasses.

42. Plaintiff brings claims on behalf of the California Subclasses as a class action pursuant to Federal Rules of Civil Procedure, Rule 23(a), (b)(2), and (b)(3). The California Subclasses are so numerous that joinder of all members is impracticable.

43. Common questions of law and fact exist as to all members of both the California Law subclasses that predominate over any questions affecting individual members, including, but not limited to, the following:

> **a)** Whether Defendant violated California Labor Code 510 by failing to pay all wages

to California Subclasses members based on an accurate wage that includes their regular rate of pay and earned commission compensation;

**b)** Whether Defendant violated California Labor Code 1174 by failing to keep accurate records of employees' work hours for the California Meal and Rest Break Subclasses;

**c)** Whether Defendant violated California Labor Code Sections 201 through 203 by failing to pay overtime wages due and owing to members of both the California Subclasses at the time that their respective employment relationship ended;

**d)** Whether Plaintiff and members of California Subclasses are entitled to "waiting time" penalties pursuant to California Labor Code Section 203;

**e)** Whether Defendant violated California Labor Code Section 510 by failing to pay accurate wages to California Subclasses members when employees worked during their meal periods;

**f)** Whether Defendant violated California Labor Code Section 226 by failing to provide semi-monthly itemized statements

to California Subclasses members of total hours worked by each and all applicable hourly rates in effect during the relevant pay period(s);

**g)** Whether Defendant violated the meal and rest break provisions of Labor Code Sections 226.7 and 512 by failing to afford Plaintiff and the California Subclass members proper meal and rest periods;

**h)** Whether Defendant violated California Business & Professions Code sections 17200 and 17208 by failing

    i. to pay all compensation to Plaintiff and California Subclasses members;

    ii. to accurately calculate all compensation to Plaintiff and California subclasses by not including their earned commissions in the rate calculation;

    iii. to keep accurate records of employees' hours worked for the California subclasses;

    iv. to pay all wages due to sub-class members upon discharge; and

    v. to provide meal and rest breaks to the California classes; and

**i)** What is the proper measure of damages sustained by members of the California

Subclasses?

44. The typicality of the claims or defenses of the representatives of the class are similar.

> **a)** Plaintiff's claims are typical of those of the California Sub-Classes (e) and (f) (collectively referred to as "California overtime sub-classes"). Plaintiff, like other members of the California Overtime Sub-Classes, was subjected to Defendant's policy and practice of refusing to pay all wages in violation of California law. Plaintiff's job duties and compensation were also typical of other members of the California Overtime Sub-Classes.
>
> **b)** Plaintiff's claims are also typical of those of the California subclasses (g)-(i) (collectively referred to as "California Break and Recordkeeping Sub-Class"). Plaintiff, like other members of the California Break and Recordkeeping Sub-Classes, was subjected to Defendant's policy and practice of refusing to provide statutory meal and rest breaks, and failing to keep compliant wage records (and provide compliant wage statements), in violation of California law. Plaintiff's job duties and experiences regarding meal and rest breaks and wage statements were also typical

of other members of the California Break and Recordkeeping Sub-Classes.

**c)** Plaintiff's claims are also typical of those of the California subclasses (i). Plaintiff, like other members of the California subclasses (i), was subjected to Defendant's policy and practice of refusing to provide statutory meal and rest breaks, and failing to keep compliant wage records (and provide compliant wage statements), failure to pay minimum wages and overtime in violation of California law. As a result of these violations. Defendant was required to pay Plaintiff immediately at the end of the employment relationship. Plaintiff's job duties and experiences regarding failure to receive prompt payment of wages at the end of the employment relationship were also typical of other members of California subclass (i).

45. Based on paragraph 43, there is a community of interest in obtaining appropriate legal and equitable relief for the common law and statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries that Defendant's actions have inflicted upon the Plaintiff Classes.

46. Plaintiff will fairly and adequately represent

and protect the interests of all the various subclass members because they have no disabling conflict(s) of interest that would be antagonistic to those of the other class members. Plaintiff has retained counsel who is competent and experienced in class action wage-and-hour litigation.

47. Collective and class treatment is superior to alternative methods to adjudicate this dispute because Plaintiff and other class members suffered similar treatment and harm as a result of systematic policies and practices of Defendant, and because, absent a class and collective action, Defendant's unlawful conduct will be unabated given that the damages suffered by individual class members are small compared to the expense and burden of individual litigation. Class certification is also superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices. Moreover, Plaintiff and the other members of the Plaintiff Class will not be able to obtain effective and economic legal redress unless the action is maintained as a class action. Lastly, Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making final injunctive relief appropriate with respect to the Class as a whole.

48. Without class certification, the prosecution of separate actions by individual members of the Plaintiff

Class would create a risk of:

> (1) Inconsistent or varying adjudications with respect to individual members of the Plaintiff Class which would establish incompatible standards of conduct for the Defendant; and/or

> (2) Adjudications with respect to the individual members which would, as a practical matter, be dispositive of the interests of other members not parties to the adjudications, or would substantially impair or impede their ability to protect their interests, including but not limited to the potential for exhausting the funds available from those parties who are, or may be, responsible Defendant.

49. The named Plaintiff is fully prepared to take all necessary steps to represent fairly and adequately the interests of the class defined above. Plaintiff's attorneys are competent, ready, willing and able to fully and adequately represent the class and individually named Plaintiff. Plaintiffs' attorneys have prosecuted and settled numerous wage-and-hour class actions in the past and currently have a number of wage-and-hour class actions pending in Federal and California courts.

/ / /

## COUNT I

### FAILURE TO PAY MINIMUM WAGES

### [Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*]

### (Plaintiffs and Nationwide Sub-Class (B) against all Defendants)

50. Plaintiff and Collective Action Members re-allege and incorporate by reference paragraphs 1 through 49 as though fully set forth herein.

51. During all relevant time periods, Defendant was required to pay minimum wage to Plaintiff and Collective Action Members for all hours worked.

52. Plaintiff and other Collective Action Members did in fact work and did not receive compensation for minimum wage and/or overtime wages because Defendant directed Plaintiff and other class members to work off-the clock during their non-paid meal periods.

53. Plaintiff and other class members earned their bonus/commission pursuant to Defendant's uniform and corporate-wide bonus/commission policy.

54. Pursuant to 29 CFR section 778.211, non-discretionary bonuses include bonuses which are announced to employees to induce them to work more steadily or more rapidly or more efficiently or to remain with the firm are regarded as part of the regular rate of pay. However, Defendant failed to incorporate into the calculation of overtime pay the commission wages

earned by Plaintiff and Collective Action Members.

55. Defendant's conduct, as alleged herein, was intentional, willful and in bad faith within the meaning of 29 U.S.C. Section 255(a).

56. Therefore, Plaintiffs and Collective Action Members are entitled to the relief requested below.

## COUNT II

### FAILURE TO PAY MINIMUM WAGES
### [Cal. Lab. Code §§, 1194,1197]

### (Plaintiffs and California Sub-Classes (D) & (E) against all Defendants)

57. Plaintiff and Collective Action Members re-allege and incorporate by reference paragraphs 1 through 56 as though fully set forth herein.

58. During all relevant time periods, Defendant was required to pay minimum wages pursuant to California Labor Code section 1197.

59. Plaintiff and other class members did in fact routinely work below minimum wage.

60. Defendant required Plaintiff and other similarly situated employees to work through their meal period without compensation.

61. During all relevant times, Defendant knew or should have known that Plaintiff and other class members were not paid for their work during their meal break.

62. Therefore, Plaintiff and other class members

are entitled to the relief requested below.

<u>COUNT III</u>

**FAILURE TO PROVIDE MEAL BREAKS PERIODS**

**[Cal. Lab. Code sections 226, 512]**

**(Plaintiffs and the California Sub-Class (E) against all Defendants)**

63. Plaintiff and Collective Action Members re-allege and incorporate by reference herein all allegations previously made in Paragraphs 1 through 62.

64. Labor Code sections 226.7 and 512, provides that no employer shall employ any person for a work period of more than five (5) hours without providing a meal period of not less than thirty (30) minutes or employ any person for a work period of more than ten (10) hours without a second meal period of not less than thirty (30) minutes. An employer is also required to provide a second meal period of less than thirty (30) minutes if an employee works more than ten (10) hours in a workday.

65. Labor Code section 226.7 provides that if an employer fails to provide an employee a duty-free meal period in accordance with this section, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided in accordance with this section.

66. During all relevant time periods, Defendant

required Plaintiff and other class members to work more than five (5) consecutive hours without being provided with a duty-free, half-hour (1/2) meal break.

67. Plaintiff and other class members did in fact routinely work more than five (5) consecutive hours without being provided a duty-free, half-hour (1/2) meal break. And at varying times, Plaintiff and other class members worked more than ten (10) hours in a workday without a second duty-period meal period for employees. In so doing, Defendant has intentionally and improperly denied meal periods to Plaintiff, California Sub-Class (E) in violation of the Labor Code Sections 226.7 and 512 and other regulations and statutes.

68. Plaintiff individually, and on behalf of the California Sub-Class (E) requests recovery of meal period compensation pursuant to Labor Code Section 226.7 which she is owed beginning four (4) years prior to filing this Complaint as well as the assessment of any statutory penalties against Defendant, and each of them, in a sum as provided by the Labor Code and/or other statutes, attorneys' fees and costs.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## COUNT IV

### FAILURE TO PROVIDE REST PERIODS
### [Cal. Lab. Code sections 226, 512]

### (Plaintiffs and the California Sub-Classes (E) against all Defendants)

69. Plaintiff and Collective Action Members re-allege and incorporate by reference paragraphs 1 through 68 as is fully alleged herein.

70. California Labor Code section 226.7 provides that employers authorize and permit all employees to take rest periods at the rate of ten (10) minutes rest time per four (4) work hours, or major fraction thereof.

71. California Labor Code section 226.7(b) provides that if an employer fails to provide an employee rest periods in accordance with this section, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

72. Defendant failed to implement a policy or practice that would allow Plaintiff and California Sub-Class (E) to receive rest periods and/or work free rest periods.

73. As a result of Defendant's practice to deny rest periods, Plaintiff and California Sub-Class (E) did not receive their rest periods within the required statutory time frame. By and through their actions, Defendant

intentionally and improperly denied rest periods to Plaintiff and Plaintiff Sub-Class (E) in violation of Labor Code Sections 226.7 and IWC Wage Order 9-2001, Section 12(A).

<u>COUNT V</u>

**FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS**
**[Cal. Lab. Code sections 226, 1174]**

**(Plaintiffs and California Sub-Classes (or California Sub-Classes (C-F) against all Defendants)**

74. Plaintiff and Collective Action members re-allege and incorporate by reference paragraphs 1 through 73 as though fully set forth herein.

75. Defendant knowingly and intentionally failed to provide timely, accurate itemized wage statements to Plaintiff and California Subclasses in accordance with California Labor Code section 226.

76. Such failure caused injury to Plaintiff and the California Sub-Classes.

77. Defendant also knowingly and intentionally failed to maintain accurate records of hours worked by Plaintiff and the California Sub-Classes.

78. In accordance with California Labor Code section 1174(d). Such failure caused injury to Plaintiff and the California Sub-Classes.

79. Plaintiff and members of the California Sub-Classes are entitled to, and do hereby seek, injunctive

relief requiring Defendant to comply with Labor Code sections 226(a) and 1174(d); and the greater of all actual damages or fifty dollars ($50.00) for the initial pay period in which a violation occurs and one-hundred dollars ($100.00) per employee for each violation in each subsequent pay period, pursuant to Labor Code section 226(e).

80. Defendant's failure to keep and maintain accurate records and information, as described above, were willful, and Plaintiff and California Sub-Classes are entitled to statutory penalties for Plaintiff and each member of the California Sub-Classes pursuant to Labor Code section 1174.5.

81. Therefore, Plaintiff and other class members are entitled to the relief requested below.

## COUNT VI

**FAILURE TO PAY WAGES IN A TIMELY FASHION**

**[Cal. Lab. Code section 203]**

**(Plaintiff Laguna and California Subclass (F) against all Defendants)**

82. Plaintiff and California subclass (F) re-allege and incorporate by reference paragraphs 1 through 81 as is fully alleged herein.

83. During all relevant time periods, Plaintiff and California Subclass (F) which consists of all former non-exempt employees of Defendant during the relevant time period did not receive all wages they had earned

up to the end of their employment relationship with Defendant.

84. Plaintiff and California Subclass (F) were entitled to be promptly paid all wages, including all bonuses, commissions, overtime, as well as meal and rest break premiums, upon the ending of their employment.

85. Defendant willfully refused and/or failed to promptly compensate Plaintiff and California Subclass (F) for all wages owed. Defendant knew that Plaintiff and other members of California Subclass (F) had performed work for which they had not been paid.

86. Therefore, under California Labor Code section 203, Plaintiff and California Subclass (F) seek the payment of penalties, according to proof.

87. Plaintiff and Plaintiff California Subclass (F) are entitled to attorney's fees, and costs, pursuant to California Labor Code section 1194 for the underlying claims related to this claim, including but not limited to the recovery of unpaid overtime.

## COUNT VII

### COMPETITION LAW

### [Cal. Bus. & Prof. Code sections 17200 et seq.]

### (Plaintiffs and the California Sub-Classes (C-F) against all Defendants)

88. Plaintiff and Collective Action members re-allege and incorporate by reference paragraphs 1 through 87 as is fully alleged herein.

89. California Business and Professions Code sections 17200-17210. ("Unfair Competition Law") prohibit unfair competition in the form of any unlawful, unfair or fraudulent business act or practice.

90. California Business and Professions Code section 17204 allows "any person who has suffered injury in fact and has lost money or property as a result of such unfair competition" to prosecute a civil action for violation of the Unfair Competition Law ("UCL").

91. California Labor Code section 90.5, subdivision (a) states that it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

92. Beginning at an exact date unknown to Plaintiff, but at least four years prior to the filing of this lawsuit, Defendant failed to pay al wages, failed to provide meal and rest breaks, and failed to keep adequate timekeeping records. Defendant's failures described in this Complaint violated the California Labor Code, including, but not limited to, sections 226, 226.7, 512, 1174 and 1194, applicable Wage Orders of the IWC, and other provisions of California common and/or statutory

law.

93. Defendant's failures and conduct described in this Complaint constitutes acts of unfair competition as defined by the UCL (Cal. Bus. and Prof. Code sections 17200-17210).

94. The violations of these laws and regulations, as well as of the fundamental California public policies protecting workers, serve as unlawful predicate acts and practices for purposes of California Business and Professions Code sections 17200-17210.

95. The acts and practices described above constitute unfair, unlawful and fraudulent business practices and unfair competition. Among other things, the acts and practices have forced Plaintiff and other similarly situated employees to labor for many hours without receiving their meal and rest periods and overtime to which they are entitled by law, while enabling Defendant to gain an unfair competitive advantage over law-abiding employers and competitors.

96. As a direct and proximate result of Defendant's acts, Plaintiff and Plaintiff California Sub-Classes have suffered injury in fact in being denied their statutorily entitled meal and rest periods. As a result of Defendant's unlawful acts of unfair competition, Plaintiff and Plaintiff California Sub-Classes have lost money and property in the form of meal and rest period premiums in an amount to be proven at trial.

97. Business and Professions Code section 17203 provides that a court may make such orders or judgments as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition. Injunctive relief is necessary and appropriate to prevent Defendant from repeating their unlawful, unfair and fraudulent business acts and business practices alleged above.

98. Business and Professions Code section 17203 provides that the Court may restore to any person in interest any money or property that may have been acquired by means of such unfair competition. Plaintiff and Plaintiff California Sub-Classes are entitled to restitution pursuant to Business and Professions Code section 17203 for all payments unlawfully withheld from employees, including the fair value of the meal and rest periods taken away from them, during the four-year period prior to the filing of this Complaint.

99. Business and Professions Code section 17202 provides, "Notwithstanding section 3369 of the Civil Code, specific or preventative relief may be granted to enforce a penalty, forfeiture, or penal law in a case of unfair competition." Plaintiff and Plaintiff California Sub-Classes are entitled to enforce all applicable penalty provisions of the Labor Code pursuant to Business and Professions Code section 17202.

100. Plaintiff's success in this action will enforce

important rights affecting public interest, and in that regard Plaintiff sue on behalf of the general public, as well as individuals and other similarly situated employees. Plaintiff and Plaintiff California Sub-Classes seek restitution, civil penalties, declaratory and injunctive relief, and all other equitable remedies owed to them.

101. Plaintiff herein take upon themselves enforcement of these laws and lawful claims. There is a financial burden involved in pursuing this action, the action is seeking to vindicate a public right, and it would be against the interests of justice to penalize Plaintiff by forcing her to pay attorneys' fees from the recovery in this action. Attorneys' fees are appropriate pursuant to Cal. Code of Civ. Proc. Section 1021.5 and otherwise.

## COUNT VIII

### VIOLATION OF THE PRIVATE ATTORNEY'S GENERAL ACT
### [Cal. Lab. Code sections 22698-2699.5]

### (Plaintiffs and the California Sub-Classes (C-F) against all Defendants)

102. Plaintiff and Plaintiff Subclasses (C-F) re-allege and incorporate by reference paragraphs 1 through 101 as is fully alleged herein.

103. Under the Private Attorneys General Act of 2006, California Labor Code sections 2698-2699.5, an aggrieved

employee, on behalf of himself or herself and other current or former employees, may recover penalties under any provision of the Labor Code that provides for civil penalties. These penalties are in addition to any other relief available under the California Labor Code.

104. As set forth above, Defendant has committed numerous violations for which the California Labor Code provides for penalties, including violations of sections 201, 202, 203, 226, 226.7, 510, 512, and 1174.

105. Plaintiff provided written notice by certified mail to the California Labor & Workforce Development Agency ("LWDA") and to Defendant of the legal claims and theories of this case contemplated with the filing of this complaint. Notice was sent on April 12, 2016. The LWDA did not respond to Plaintiff's letter. Plaintiff has therefore exhausted applicable administrative remedies as required by Labor Code section 2699.3.

106. As a direct result of Defendant's conduct as described, Plaintiff is entitled to recover, on her own behalf and on behalf of other aggrieved employees, the maximum civil penalties permitted by the Private Attorneys General Act from Defendant for all violations of California Labor Code sections 201, 202, 203, 226, 226.7, 510, 512, and 1174, as well as reasonable attorney's fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and Collective Action Members pray

for judgment as follows:

1. For an order certifying the proposed collective action and the applicable subclasses;

2. For an order certifying the proposed Class and all subclasses;

3. For an order appointing Plaintiff as the representative of the Class and/or any subclasses;

4. For an order appointing Counsel for Plaintiff, Mahoney Law Group, APC, as Class counsel;

5. For compensatory damages;

6. For nominal damages;

7. For liquidated damages, pursuant to 29 U.S.C. § 216(b);

8. For restitution of all monies due to Plaintiff and Plaintiffs Class, and disgorged profits from the unlawful business practices of Defendant;

9. For penalties, pursuant to California Labor Code sections 226, 226(e), 226.7, 512 and 1194, and as provided for by California Labor Code sections 2699;

10. For interest accrued to date;

11. Injunctive relief, enjoining Defendant from engaging in the unlawful and unfair business practices complained herein;

12. Declaratory relief, enjoining Defendant's practices as being unlawful and unfair business practices within the meaning of California Business & Professions Code sections 17200, et seq.;

13.   For costs of suit and expenses incurred herein pursuant to California Labor Code sections 226 and 1194; and reasonable attorneys' fees pursuant to California Labor Code sections 226 and 1194; and 29 U.S.C. § 216(b); and

14.   For all such other and further relief as the Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff MONIQUE HANCOX hereby demands a jury trial pursuant to Federal Rule of Civil Procedure 38(b) on all applicable causes of action.

March 7, 2017                  RESPECTFULLY SUBMITTED:
                               */s/ Morgan E. Glynn*
                               Morgan E. Glynn, Esq.
                               Attorneys on behalf of
                               Plaintiff MONIQUE HANCOX and
                               all other similarly situated
                               persons

MAHONEY LAW GROUP, APC
Morgan E. Glynn, Esq. (ARDC #6322539)
249 E. Ocean Blvd., Ste. 814
Long Beach, CA 90802
Telephone: (562) 590-5550
Facsimile: (562) 590-8400

Attorneys for Plaintiff MONIQUE HANCOX,
as an individual and on behalf of all similarly
situated employees.

EXHIBIT A



Treana Allen
(562) 590-5550 phone
(562) 590-8400 facsimile
tallen@mahoney-law.net

April 12, 2016

**Via Certified Mail: 7014 2120 0000 2993 3494**
*Return Receipt Requested*
Labor and Workforce Development Agency
Attn: PAGA Administrator
1515 Clay Street, Ste. 8011

Oakland, CA 94612

**Via Certified Mail: 7014 2120 0000 2993 3500**
*Return Receipt Requested*
Ulta Salon, Cosmetics & Fragrance, Inc.
**Attn: Lawyers Incorporating Service**
2710 Gateway Oaks Dr.
Suite 120
Sacramento, CA 95833

Re:     **Monique Hancox v. Ulta Salon, Cosmetics & Fragrance, Inc.**

## NOTICE OF LABOR CODE VIOLATIONS PURSUANT TO CALIFONRIA LABOR CODE § 2699 et seq.

To:     California Labor and Workforce Development Agency and Ulta Salon, Cosmetic & Fragrance, Inc.

From:   Monique Hancox, on behalf of herself and aggrieved employees who were subject to the employer's wage and hour policies as set forth below.

### Factual Statement

Please note that this firm, the Mahoney Law Group, APC, represents the interests of Monique Hancox ("Plaintiff" or "Ms. Hancox"), who intends to file a complaint alleging various Labor Code violations and seeking civil penalties under the Private Attorneys General Act of 2004, Labor Code § 2698 et seq. (hereinafter "PAGA") on behalf of herself and other aggrieved

## Theories of Labor Code Violations and Remedies

Ms. Hancox alleges that Ulta Salon, Cosmetic & Fragrance, Inc. ("Defendant") violated various sections of the Labor Code, including §§ 201, 203, 207, 222, 223, 226, 510, 1194 and 1197, et seq., by failing to compensate Ms. Hancox and all other aggrieved employees for hours worked.

Ms. Hancox and other aggrieved employees were regularly not compensated for all minimum wages as well as overtime for all hours worked, which is in violation of Labor code§§ 510, 1194, 1197 and is actionable under Labor Code §2699.5.

Ms. Hancox will also allege that Defendant violated Labor Code § 226 as part of its ongoing business practice, by failing to provide their employees with proper and understandable itemized wage statements, as all hours worked were either not reflected or reflected inaccurately.

Ms. Hancox will also allege that Defendant regularly required Ms. Hancox to work before and beyond her recorded time ("off the clock") to complete her job duties and tasks. Consequently, Defendant regularly and knowingly failed to compensate Ms. Hancox for all hours worked.

In addition, Ms. Hancox will allege that Defendant violated various sections of the Labor Code, including §§ 226.7 and 1198, due to its ongoing business practice of preventing, discouraging, and/or dissuading Ms. Hancox and other aggrieved employees from taking rest breaks of no less than ten (10) minutes. Defendant's failure to provide rest breaks to all aggrieved employees is actionable under PAGA.

Ms. Hancox will further allege that Defendant violated Labor Code § 226.7 by failing to provide Ms. Hancox and other aggrieved employees with legally compliant meal breaks of no less than thirty (30) minutes. Defendant violated the aforementioned Labor Codes by knowingly and regularly failing to provide sufficient staff coverage in order to relieve Ms. Hancox and other aggrieved employees of their duties so that they can take a lunch break. Due to the imposition of a heavy workload and Defendant's failure to provide adequate staff coverage, Ms. Hancox and other aggrieved employees' lunches were often interrupted with work duties. As a result of Defendant's violations of Labor Code § 226.7, Ms. Hancox and other aggrieved employees are entitled to damages equal to one (1) hour of wages per missed meal and rest period.

Based on Defendant's failure to pay overtime, meal period premiums, and rest period premiums, Ms. Hancox will allege in her complaint that Defendant violated Labor Code § 204, since Ms. Hancox and her co-workers did not receive all their wages in a timely fashion as a result of Defendants' unlawful policies and procedures.

Again, based on Defendant's failure to pay overtime, meal period premiums, and rest period premiums, Ms. Hancox will also allege that Defendant violated Labor Code §§201, 202, and 203, due to its uniform policy, practice and procedure of willfully failing to pay the earned and unpaid wages of all former employees.

Furthermore, Defendant failed to keep accurate payroll records, wherein Ms. Hancox and her co-workers were denied all wages owed, entitling them to penalties pursuant to Labor Code §§ 226(a), 226(e) and 1174. Defendants' failure to keep accurate payroll records is also actionable under Labor Code §2699.5. Thus, Ms. Hancox and her co-workers will allege a cause of action for this violation of the Labor Code and the related PAGA penalties as well.

Ms. Hancox is bringing this lawsuit on behalf of herself and all other aggrieved employees who were employed by Defendant. Please advise if the LWDA has any objection to Ms. Hancox including PAGA claims in her complaint. We look forward to your response. Please feel free to contact our office if you have any comments or questions.

Sincerely,

Treana Allen
**MAHONEY LAW GROUP, APC**