IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MONIQUE HANCOX, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 17-CV-01821 |
| ULTA SALON, COSMETICS, & FRAGRANCE, INC., a Delaware Corporation, and DOES 1-100, | ) ) Judge John J. Tharp, Jr. ) ) ) |
| Defendants. | ) |

### MEMORANDUM OPINION AND ORDER

Plaintiff Monique Hancox, a former designer and hair stylist for the beauty retailer Ulta Salon, Cosmetics, & Fragrance, Inc. ("Ulta"), brings this complaint against Ulta for failure to pay minimum and overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* Hancox alleges that Ulta violated the FLSA by failing to consider the commission wages that she earned when it calculated her overtime rate of pay. She also claims that Ulta denied her minimum and/or overtime wages by requiring her to perform work during unpaid meal breaks. Ulta moves to dismiss Hancox's amended complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Because Hancox alleges sufficient facts to state a plausible claim for overtime wages under the FLSA, the Court denies Ulta's motion to dismiss.

### BACKGROUND[1]

Ulta is a nationwide beauty retailer that provides cosmetics, fragrance, skin, and hair care products and services. Its headquarters are located in this district, in Bolingbrook, Illinois. From

---

[1] For purposes of deciding the motion to dismiss, the Court accepts as true all well-pleaded facts in Hancox's amended complaint. *Berger v. Nat'l Collegiate Athletic Ass'n*, 843 F.3d 285, 290 (7th Cir. 2016).

August 2014 to March 2016, Hancox worked as a Designer/Hair Stylist at two Ulta locations in California. In that role, she was responsible for providing salon services to guests and selling Ulta's products and services. At the beginning of her employment with Ulta, Hancox earned a minimum hourly rate of $9. She also had the opportunity to earn commissions through Ulta's Salon Commission Plan (the "Plan"). The Plan entitles employees to nondiscretionary bonus and commission pay when certain sales and services goals are met. Hancox and all other non-exempt hourly employees who held similar "salon professional" positions were required to participate in the Plan. Each week, Hancox earned either her minimum guaranteed hourly rate—$9—for all hours worked during the week, or commission pay. Her weekly pay was determined by calculating her commissions for the week and comparing it to the hourly rate for the same week. Under the Plan, Hancox would be paid whichever amount was greater for each week.

While she was employed at Ulta, Hancox worked more than 40 hours per week during approximately 30 to 35 different pay periods. When she worked overtime, Hancox was paid one and one-half times her minimum guaranteed hourly rate of pay without inclusion of the commission wages that she earned for the week. In addition, throughout Hancox's employment, she met or exceeded her commission target goals, but Ulta failed to pay her all the commission wages that she was entitled to under the Plan. These unpaid commission wages were also omitted from Hancox's overtime wages when she worked more than 40 hours in one week. Other Ulta employees who held similar salon professional positions experienced the same conduct.

Hancox was also denied rest and meal periods when she worked at Ulta. Ulta schedules clients in a manner that leaves inadequate time between appointments for a salon professional to take meal or rest breaks. Ulta failed to provide adequate shift relief and overbooked Hancox's schedule, making it impossible to take breaks. Even though Hancox was required to work through

break periods, she was still obligated to record a thirty-minute unpaid meal period on her time records. Therefore, she was not paid for the time she worked during break periods. The practice frequently resulted in Hancox working more than 40 hours in a workweek. Other salon professionals who worked at Ulta were also required to perform unpaid work during break periods.

Hancox filed a complaint against Ulta on March 7, 2017, alleging a collective action claim for violations of the FLSA and class action claims for violations of the California Labor Code. After Ulta filed a motion to dismiss her first complaint, Hancox filed an amended complaint on May 30, 2017. The amended complaint also pleads a FLSA collective action claim and class action claims under California law. Ulta again moved to dismiss the complaint. After Ulta's motion to dismiss was fully briefed by the parties, they filed a joint motion to dismiss all the California law claims and to strike the Rule 23 class action allegations in the complaint. The only claim remaining in the case and subject to the pending motion to dismiss is Hancox's collective action FLSA claim.

## DISCUSSION

Ulta's motion argues that Hancox has failed to adequately or plausibly plead a FLSA claim and the complaint should therefore be dismissed under Rule 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has "facial plausibility" if the complaint's factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint need only provide a "short and plain statement of the claim" showing that the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but the plaintiff must provide more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When evaluating the sufficiency of a complaint, the court must construe the complaint in the light most favorable to the nonmoving

3

party, accept all well-pleaded facts as true, and draw all inferences in the nonmoving party's favor. *Berger*, 843 F.3d at 290.

When deciding a 12(b)(6) motion, a court generally may not consider documents outside the pleadings without converting the motion into one for summary judgment. Fed. R. Civ. P. 12(d). An exception to this rule exists when a document is attached to the complaint, is critical to the complaint and is referred to in the complaint, or is subject to proper judicial notice. *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012). Under these limited circumstances, documents outside of the complaint may be considered on a motion to dismiss. *Id.* The exception "is not intended to grant litigants license to ignore the distinction between motions to dismiss and motions for summary judgment." *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002).

Here, Ulta submits two documents with its motion to dismiss—its 2013 and 2015 versions of its "Path to Abundance Salon Commission Plan Document"—and argues that these documents come within the scope of the exception because they are "instrumental" to the pleadings. Memo. in Supp. of Mot. to Dismiss 1-2, ECF No. 36. Hancox refers to Ulta's Salon Commission Plan in her amended complaint, but it is not central to her FLSA claim against the company. She seeks relief under the FLSA for Ulta's alleged failure to pay the overtime and/or minimum wages required by the statute; she is not pursuing a breach of contract claim based on the provisions of the Plan. Because the Plan documents are not critical to the claim asserted in the amended complaint, the Court will not consider them to determine whether that complaint should be dismissed.

Hancox's amended complaint alleges that Ulta violated the FLSA's minimum and overtime wage provisions.[2] The statute's minimum wage provisions mandate that employers pay their non-exempt employees no less than $7.25 per hour. 29 U.S.C. § 206. The overtime provisions require an employer to pay its non-exempt employees one and one-half times their regular rate of pay for any work performed in excess of 40 hours in one workweek. 29 U.S.C. § 207(a). *See also Schaefer-LaRose v. Eli Lilly & Co.*, 679 F.3d 560, 572 (7th Cir. 2012). Commission pay must be included in an employee's regular rate of pay when calculating her overtime wage. 29 C.F.R. § 778.117. *See also Smith v. Family Video Movie Club, Inc.*, No. 11 C 1773, 2015 WL 1542649, at *5 (N.D. Ill. Mar. 31, 2015). Hancox claims that Ulta failed to pay minimum and/or overtime wages for off-the-clock work completed during unpaid meal breaks. She also alleges that Ulta failed to pay proper overtime wages when it omitted her commission pay from her regular rate for purposes of calculating her overtime pay.

Ulta argues that Hancox fails to state a claim for unpaid minimum wages because she does not plausibly allege that the unpaid meal breaks caused her wage to drop below $7.25 per hour. To state a FLSA minimum wage claim, a plaintiff must plausibly allege at least one workweek for which the compensation she received, divided by the total compensable time, failed to meet the FLSA minimum wage of $7.25 per hour. *Hirst v. SkyWest, Inc.*, 283 F. Supp. 3d 684, 691 (N.D. Ill. 2017) (collecting cases). Hancox has failed to do so in her amended complaint. Furthermore, she does not allege sufficient fact detail about any given workweek for the Court to determine whether the alleged unpaid meal breaks could have resulted in an hourly wage of less than $7.25

---

[2] The amended complaint alleges these violations in Count I of the complaint, which is labeled "Failure to Pay Minimum Wages." Am. Compl. 22, ECF No. 29. Although Count I is only labeled as a minimum wage claim, the allegations in Count I and throughout the complaint make clear that Hancox also claims Ulta violated FLSA's overtime wage provisions.

for that week. The complaint, therefore, does not state a FLSA claim for failure to pay the minimum wage.

Ulta also argues that Hancox does not allege enough facts to support a plausible FLSA claim for unpaid overtime wages. To survive a motion to dismiss, a plaintiff seeking relief under FLSA's overtime provisions must plead specific facts in support of her claim; merely reciting the elements of a FLSA overtime claim will not suffice. *Hughes v. Scarlett's G.P., Inc.*, No. 15-cv-5546, 2016 WL 4179153, at *2 (N.D. Ill. Aug. 8, 2016). *See also Trujillo v. Mediterranean Kitchens, Inc.*, No. 17-CV-01887, 2017 WL 2958240, at *1 (N.D. Ill. July 11, 2017) ("courts of this district have generally agreed that a plaintiff must plead details beyond having worked more than 40 hours without overtime to state a claim under the FLSA"). There is no requirement, however, that a FLSA plaintiff identify, by date, the specific weeks in which she was undercompensated; it is enough to allege that there was in fact at least one such week. *Diaz v. E&K Cleaners, Inc.*, No. 16-CV-07952, 2018 WL 439120, at *1 (N.D. Ill. Jan. 16, 2018). *See also Labriola v. Clinton Entm't Mgmt., LLC*, No. 15 C 4123, 2016 WL 1106862, at *3 (N.D. Ill. Mar. 22, 2016) ("in order to survive a motion to dismiss, a plaintiff must at least allege forty hours of work in a given work week as well as some uncompensated time in excess of the forty hours") (internal quotations omitted)).

Here, the complaint clears the pleading hurdle, though not by a lot. Hancox alleges that from August 2014 to March 2016, she worked more than 40 hours in a workweek during 30 to 35 pay periods. The complaint further alleges that for each of the weeks that she worked overtime, Hancox was never paid proper overtime wages. Ulta argues that this allegation is conclusory, but the complaint pleads facts to support the assertion. According to the complaint, for each week that Hancox worked overtime, she was paid only one and one-half times her minimum guaranteed

hourly rate. Therefore, during the weeks that she worked overtime and received commission pay, Hancox was not paid the proper overtime wage of one and one-half times her regular rate, which, under the FLSA, must include the commission pay she earned. Although Hancox does not identify the specific weeks that she worked overtime and received commission wages, such detail is not required at this stage of the pleading. She alleges that she met and exceeded her commission target goals throughout the course of her employment, and that she earned commission wages in pay periods when she also worked overtime.[3] *See* Am. Compl. ¶¶ 29, 53, 54, ECF No. 29. In addition to her allegation that Ulta failed to calculate her overtime wages based on the commission pay that she received, Hancox also alleges that Ulta failed to pay her commission wages when she was entitled to them. These unpaid commission wages were also omitted from her overtime pay calculations when Hancox worked more than 40 hours in a week.[4] Hancox also alleges that she was required to work during unpaid meal breaks, which frequently resulted in working more than 40 hours in one workweek without receiving proper overtime pay. She also describes the specific

---

[3] Ulta argues that Hancox's allegations are insufficient because she does not specifically allege that her commissions in any particular week exceeded her hourly pay such that her commissions became earned and paid under the Plan. Throughout her complaint, however, Hancox alleges that Ulta failed to include her "earned" commission pay or "earned" commission wages in her regular rate. *See* Am. Compl. ¶ 6, 27, 53, 54. She also alleges that, under the Plan, she could earn either her minimum guaranteed hourly rate or her commission pay and she was only paid her commission pay if it was greater than her hourly rate. *Id.* ¶ 27. The Court, therefore, can reasonably infer that Hancox's allegations regarding "earned" commission pay or wages refers to weeks when her commissions exceeded her hourly pay.

[4] Ulta argues that Hancox's claim that she was not paid all the commission wages that she was entitled to under the Plan is a breach of contract claim and not a FLSA claim. While this conduct may have violated the terms of Hancox's employment agreement, Hancox's amended complaint does not seek recovery of the alleged unpaid commissions. Rather, Hancox seeks relief for unpaid overtime wages pursuant to the FLSA. The law requires that an employee's commission pay be considered as part of the employee's regular rate when calculating overtime wages. 29 C.F.R. § 778.117. Therefore, Ulta's failure to pay Hancox her commission wages plausibly could have affected whether Hancox received the proper overtime wages required by the FLSA.

practices that caused her to work during unpaid meal breaks—inadequate shift relief and close scheduling or overbooking of client appointments.

The Court finds that Hancox has alleged that there was in fact at least one week when she was undercompensated for her overtime work, which is sufficient to state a FLSA overtime claim. *See Diaz*, 2018 WL 439120, at *1. Furthermore, taken together and interpreted in the light most favorable to the plaintiff, the allegations support Hancox's assertion that she was never paid proper wages for any weeks that she worked overtime. FLSA claims "do not require plaintiffs to plead infinitesimal details to render them plausible or provide defendants with fair notice of the claims against them." *Brown v. Club Assist Road Serv. U.S., Inc.*, No. 12 CV 5710, 2013 WL 5304100, at *6 (N.D. Ill. Sept. 19, 2013). Here, the amended complaint provides enough facts regarding when and how Ulta underpaid Hancox for the overtime work that she performed. Because the complaint adequately pleads a FLSA claim for overtime wages, Ulta's motion is denied.

\* \* \*

For the reasons stated above, the Court denies Ulta's motion to dismiss. Hancox may proceed on a claim for unpaid overtime wages under the FLSA. The amended complaint does not, however, state a claim for unpaid minimum wages and the case will not proceed under that theory. Ulta's answer to Count I of the amended complaint is due by August 10, 2018. A status hearing is scheduled for August 15, 2018 at 9:00 a.m.

Date: July 20, 2018

John J. Tharp, Jr.
United States District Judge

8